**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
CASE NO. _____ 4:08cv-32 M

EDNA ELLEN EDGE and
ROBERT EDGE, SR., her husband     PLAINTIFFS

Vs.     **NOTICE OF REMOVAL**
**ELECTRONICALLY FILED**

WAL-MART STORES EAST, LP     DEFENDANT

      The defendant, Wal-Mart Stores, East LP (hereinafter referred to as "Wal-Mart"), for its notice of removal, states as follows:

      1. Wal-Mart desires to exercise its rights under 28 U.S.C. §1441(a) to remove this action from the Circuit Court of Daviess County, Kentucky, in which this cause is now pending under the name of <u>Edna Ellen Edge and Robert Edge, Sr., her husband v. Wal-Mart Stores East, LP, Action No. 08-CI-000172</u>.

      2. This action was originally styled <u>Edna Ellen Edge and Robert Edge, Sr., her husband v. Wal-Mart Stores, Inc.</u>. Pursuant to an Agreed Order entered February 13, 2008, Wal-Mart Stores East, LP was substituted as a defendant in place of Wal-Mart Stores, Inc. and the caption was changed accordingly.

      3. The plaintiffs are now, and were at the time this action was commenced, citizens and residents of the Commonwealth of Kentucky.

4. Wal-Mart is now, and was at the time this action was commenced, a limited partnership organized under the laws of the State of Delaware with its principal place of business address being P.O. Box 116, Bentonville, Arkansas 72716. Wal-Mart was not and is not a citizen of the Commonwealth of Kentucky, nor is its principal place of business located in the Commonwealth of Kentucky.

5. The plaintiffs' action is a civil action in which they seek damages arising from personal injuries sustained when Ellen Edge slipped and fell on ice in Wal-Mart's parking lot. The plaintiffs pray for damages arising from injuries, medical expenses, pain and suffering and loss of consortium

6. Pursuant to CR 8.01(2) of the Kentucky Rules of Civil Procedure, the plaintiffs did not recite in their complaint a specific sum as alleged damages other than a request for judgment against the defendant in an amount which exceeds the jurisdictional requirements of the state court ($4,000.00). In answers to interrogatories received on March 12, 2008, the plaintiffs had been asked to specify the monetary amount of their damage claims but did not do so. However, they indicated that plaintiffs have sustained medical expense related damages of over $16,000.00 to date, Edna Ellen Edge is continuing to be treated for a fracture of her right ankle which required open reduction and internal fixation with plates and screws. They

also indicate that the injury resulted in scarring and disfigurement.  Based upon plaintiffs' answers to defendant's interrogatories, the defendant believes the amount in controversy exceeds $75,000.00 exclusive of interest and costs.  The defendant, Wal-Mart, was first placed on notice that the plaintiffs' claim exceeds $75,000.00 exclusive of interest and costs upon receiving the answers to its discovery on March 12, 2008.  Removal is timely pursuant to the provisions of 28 U.S.C. §1446(b).

    7.   This action is one in which this court has original jurisdiction under the provisions of 28 U.S.C. §1332(a)(1), and which may be removed to this court by Wal-Mart pursuant to 28 U.S.C. §1441(a) because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

    8.   Pursuant to 28 U.S.C. §1446(a), Wal-Mart attaches hereto the following exhibits and incorporates herein by reference a copy of all process, pleadings and orders served upon this defendant prior to removal, to wit:  (A) the summons and complaint, (B) Wal-Mart's answer served February 7, 2008, (C) agreed order entered February 13, 2008, (D) Wal-Mart's response to request for production of documents served February 29, 2008, and (E) plaintiffs' answers to defendant's

interrogatories and responses to requests for production served March 10, 2008.

9.  Based on these premises, Wal-Mart desires and is entitled to have this cause of action removed from the Circuit Court of Daviess County, Kentucky, to the United States District Court for the Western District of Kentucky, Owensboro Division, such being the district and division where said suit is pending.

10. Written notice of the filing of this notice of removal will be given to counsel for plaintiffs and the Clerk of the Circuit Court of Daviess County, Kentucky, as required by 28 U.S.C. §1446(d).

WHEREFORE, this defendant prays that the state court action pending against it in the Circuit Court of Daviess County, Kentucky, be removed to this court, and henceforth this action be placed on the docket of this court for further proceedings, the same as though this action had originally been instituted in this court.

        SULLIVAN, MOUNTJOY, STAINBACK
         & MILLER, PSC

       By: /s/ Ronald M. Sullivan
         Ronald M. Sullivan
         KBA# 69080
         100 St. Ann Street, P.O. Box 727
         Owensboro, Kentucky 42302-0727
         Attorneys for Wal-Mart Stores,
          East, LP

**CERTIFICATE OF SERVICE**

    This is to certify that on March 14th 2008, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following: Hon. Jeanie Owen Miller.

    I further certify that I mailed the foregoing document and the notice of electronic filing by US mail to the following non-CM/ECF participants:

Ms. Susan Tierney
Daviess Circuit Court
Morton J. Holbrook, Jr. Judicial Center
100 E. Second Street
Owensboro, Kentucky  42303

                                /s/ Ronald M. Sullivan
                                Ronald M. Sullivan